IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lauren Moe Morris, #289894,<br><br>                 Petitioner,<br><br>vs.<br><br>Gregory Knowlin, Warden of<br>Turbeville Correctional Institution,<br><br>                 Respondent. | Civil Action No. 6:09-1273-MBS-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

       The record reveals that the petitioner is currently confined at the Turbeville Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Horry County. The petitioner was indicted in January of 2002 in Horry County for trafficking cocaine, 10-28 grams (2002-GS-26-280) and trafficking in crack cocaine, 10-28 grams (2002-GS-26-281). He was later charged in Horry County with another count of trafficking crack cocaine, 10-28 grams, for a separate incident (2002-GS-26-4690). Attorney Michael E. Suggs represented him on his Horry County charges. The petitioner was also indicted in Georgetown County for possession with intent to distribute crack cocaine (2002-GS-22-971). Attorney Julian Hanna represented him on

the Georgetown charge. All of these offenses classified as third or subsequent offenses because of the petitioner's prior drug record.

On December 11, 2002, the petitioner pleaded guilty to these four indictments, in exchange for a reduction in the sentencing charge from third offenses to second offenses, and in exchange for the State dismissing a proximity charge (2002-GS-22-283) and a possession of crack charge (2002-GS-26-282). The trafficking cocaine charge (2002-GS-26-280) was reduced to possession with intent to distribute, and the petitioner waived grand jury presentment on the 2002-GS-26-4690 indictment. The Honorable John L. Breeden, Jr., sentenced the petitioner to 15 years on the Georgetown indictment, 18 years on the cocaine charge, and 18 years on each of the trafficking charges, with all of the sentences running concurrently. No direct appeal was filed.

On May 15, 2003, the petitioner timely filed an application for post-conviction relief in Horry County (2003-CP-26-2938). He alleged he was being held unlawfully as a result of:

    a.    Ineffective assistance of counsel.

    b.    Involuntary guilty plea.

(2003-CP-26-2938). The State filed its return dated April 8, 2004. On July 27, 2005, an evidentiary hearing was held before the Honorable Steven H. John, at which the petitioner was present and was represented by attorney Dean Mureddu. On August 18, 2005, Judge John issued an order which denied relief in large part, but vacated the Georgetown County conviction, finding that the plea court did not have jurisdiction to accept that plea. No timely appeal was filed by either party (App. 99-105). On June 30, 2006, the petitioner filed a *pro se* notice of appeal. The filing was dismissed as untimely by Order of the South Carolina Supreme Court dated August 24, 2006. The court denied rehearing on September 20, 2006.

Subsequently, on November 2, 2006, the petitioner filed a second application for post-conviction relief (2006-CP-26-5396), alleging (among other things) ineffective assistance of PCR counsel.[1] Paul Archer was appointed to represent the petitioner and, ultimately, the parties agreed that the petitioner wished to appeal from his first PCR; that he did not knowingly or voluntarily waive the right to such an appeal; and that he was entitled to petition for belated review from his first PCR. A consent order granting *Austin* review, but dismissing all other claims, was issued by the Honorable J. Michael Baxley and filed December 26, 2007. The petitioner timely filed and served a notice of appeal. On August 8, 2008, the petitioner, through Assistant Appellate Defender M. Celia Robinson, made his *Austin* petition for writ of certiorari. In the *Austin* petition, he asserted:

> 1. The PCR judge correctly granted belated review with consent of the state.

On the same date, the petitioner filed a petition for writ of certiorari. In that petition, he raised the following issues:

> I. Did the PCR judge err in denying relief despite the ineffective assistance of counsel provided to petitioner in that his attorney failed to investigate the case, failed to meet with petitioner and failed to advise the accused of the possible sentence he was facing upon entry of the guilty plea?
>
> II. Did the PCR judge err in denying relief where petitioner's guilty pleas were not knowingly or voluntarily entered because petitioner was unaware of the actual terms of the plea agreement entered by his attorney and unaware

---

[1] In this second application, the petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance counsel, in that counsel failed to object to fatally defective indictment.

2. Ineffective assistance of PCR counsel, in that counsel failed to object to the indictment not being filed.

3. Discovery pursuant to statute.

3

>     of the possible sentence he was facing upon entering a
>     guilty plea?
>
> III. Did the PCR judge err in denying relief in failing to find
>     that petitioner was entitled to a belated direct appeal
>     where neither the plea judge nor counsel for petitioner
>     informed him that he had the right to a direct appeal
>     from a guilty plea?

The respondent made a return to the *Austin* petition for writ of certiorari and a return to the petition for writ of certiorari on September 22, 2008, by Assistant Attorney General Christina Catoe. On November 23, 2009, the South Carolina Court of Appeals entered its order granting the petition for writ of certiorari from Judge Baxley's order, dispensing with further briefing, and proceeding with a belated review of Judge John's order. The court then denied the petition.

In his *pro se* petition now before this court, the petitioner makes the following allegations:

> I. The Sentencing Court lacked subject matter jurisdiction
> to impose the sentence on Indictment 02-GS-26-4690.
>
> A. Petitioner asserts that the sentencing court did not have
>    jurisdiction over one (1) of his trafficking in cocaine
>    charges because the indictment was never true-billed
>    and he did not waive presentment to this particular
>    indictment in writing. Indictment 02-GS-26-4690 there is
>    no indication that this indictment was before the grand
>    jury which be orally waived and is a violation of his
>    procedural due process rights.
>
>    1. He asserts that he was not aware at the time and
>       that subject matter jurisdiction can be raised at
>       anytime.
>
> II. Petitioner was denied the effective assistance of counsel
> in violation of his 6th Amendment rights.
>
> A. Counsel was ineffective in not moving to quash
>    indictment 02-GS-26-280 because the weight of the
>    substance was not enough to sustain a trafficking in
>    cocaine charge where the essential element was ten
>    (10) grams or more and the amount the petitioner

possessed was only nine (9) grams. Had counsel moved to squash the result would have been different. This was highly prejudicial.

1. He asserts that he raised this claim in his 2003 state PCR action.

III. Petitioner asserts that his plea of guilty was involuntarily made because of violations of his constitutional rights.

A. Petitioner asserts that because of the deprivation of his constitutional right was part of the inducement of him pleading guilty his plea cannot be deemed a voluntary act. Petitioner was denied due process and denied the effective assistance of counsel in his plea negotiations that rendered the process unfair and unconstitutional under the 14th Amendment.

On July 22, 2009, the respondent filed a motion for summary judgment. By order filed July 23, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on August 20, 2009. On the same date, the petitioner also filed a motion for summary judgment stating only that he moved "for judgement on the pleading, or in the alternative for summary judgement based on the pleading." On December 1, 2009, the respondents filed a supplemental return, noting the November 23, 2009, order of the South Carolina Court of Appeals. The petitioner did not file any opposition to the supplemental return.

**APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

5

> the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective

6

assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## ANALYSIS

In the original return, the respondent argued that the entire petition must be dismissed for failing to exhaust available state remedies as the petitioner still had matters pending in the Court of Appeals at the time of the filing of the petition. After the Court of Appeals issued the decision on November 23, 2009, the respondent filed a supplemental return omitting this argument.

### *Ground One*

In his first allegation, the petitioner claims that his conviction on Indictment 02-GS-26-4690 must be vacated because he was not indicted by the grand jury. He asserts that he did not waive grand jury presentment in writing so the court lacked subject matter jurisdiction to convict and sentence him. The petitioner concedes that he has never raised this issue in state court (pet. 5).

First, as argued by the respondent, the claims fails as a matter of state law. A review of the record reveals that the petitioner is correct that Indictment 02-GS-26- 4690 was never presented to the grand jury (App. 116-17). However, the record also reveals that this fact was presented to the plea court, and the petitioner waived presentment (App. 3). At the time of the plea, the petitioner was advised of his right to have the indictment submitted to the grand jury, and he orally waived that right (App. 9-11). Further, the record of the sentencing sheet for that indictment reveals that the petitioner actually signed the sentencing sheet confirming the written waiver as a matter of state law (resp. m.s.j., ex. 9, Sentencing Sheets).

7

In *State v. Smalls*, 613 S.E.2d 754, 756 (S.C. 2005), the South Carolina Supreme Court held that signing a sentencing sheet for a charge to which a defendant has pled guilty constitutes a written waiver of presentment. Moreover, a signed document that informs a defendant of the charges against him, such as a sentencing sheet, gives rise to a presumed regularity in the proceedings and signifies that the defendant has been notified of the charges to which he has pled guilty. *Id.* The court further stated:

> In a criminal case, a defendant who chooses to plead guilty has ample opportunity to be fully notified of the charges he is pleading guilty to. First, a defendant may check a box on the sentencing sheet to indicate a waiver of presentment of the indictment to the grand jury. Second, a defendant may check a box to indicate that he wishes to plead guilty. In addition, a defendant may sign the sentencing sheet, indicating the defendant is informed of the choices and has selected the box that corresponds to the course of action the defendant wants to take in the case. As a result, we believe that all of these factors indicate that the Defendant had notice of the charges to which he chose to plead guilty.

*Id.*

Here, as reflected on the sentencing sheet, the petitioner signed the sentencing sheet which reflected "defendant waives grand jury presentment." Based upon the foregoing, the claim fails as a matter of state law.

Second, this issue is not cognizable in federal habeas corpus. Federal habeas is unavailable to retry state issues. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1989). A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (citing *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976)). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); *Ashford v. Edwards*, 780 F.2d 405, 407

(4th Cir. 1985) (deficiencies in state court indictments are not ordinarily the basis for habeas relief unless deficiency made trial fundamentally unfair as to amount to a deprivation of the defendant's right to due process). Based upon the foregoing, this claim fails.

***Ground Two***

In his second ground for relief, the petitioner claims that his counsel was ineffective in failing to quash Indictment 02-GS-26-280 because the results of the testing of the drugs revealed less than ten ounces of cocaine.

First, as argued by the respondent, the petitioner did not raise this issue in his petition for writ of certiorari, and thus it is procedurally barred. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. In order to raise a claim of actual innocence, a prisoner "must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner has not met this burden.

Furthermore, this allegation is without merit. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell

below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As noted at the outset of the guilty plea, the petitioner did not plead to the trafficking in cocaine charge for ten ounces or greater on the indictment, but instead pled to a lesser included offense of possession with intent to distribute -second offense (App. 4-5). The State asserted that the basis for the plea to the lesser offense was that after the seized bag of cocaine was tested by the State Law Enforcement Division, it came back as 9.91 ounces (App. 11-13). The petitioner clearly had notice and pled to the correct charge. The testimony at the PCR revealed that counsel was aware of the report and discussed it with his client who indicated that he was guilty of that charge (App. 76-77). The petitioner has failed to show that his plea counsel was ineffective in this regard. Accordingly, the claim fails.

*Ground Three*

In his third ground for relief, the petitioner claims that his plea was involuntary. The petitioner only makes broad conclusory statements about why his plea was involuntary. However, the record of the guilty plea and state post-conviction relief ("PCR") hearing

conclusively reveal that the pleas to the Horry charges were freely knowingly and voluntarily entered. The petitioner's plea counsel's testimony at the PCR hearing was in sharp contrast with the testimony of the petitioner (App. 36-84). The PCR court found counsel's testimony credible, while finding the petitioner's testimony not credible (App. 103). Plea counsel testified that, after being appointed on the case, he met with the petitioner at the jail to discuss the charges (App. 72). After the petitioner bonded out of jail, however, he failed to appear for scheduled meetings with counsel. After seeing him one time at roll call, counsel heard nothing more from the petitioner until he was taken into custody in Georgetown County on the other drug charges (App. 72-73). Counsel did speak with the petitioner's Georgetown attorney on more than one occasion to discuss a combined guilty plea (App. 83).

Counsel Suggs testified that he and the petitioner discussed the evidence and discovery and discussed the plea offer for reduction of the offenses from third drug offenses to second drug offenses (App. 74-76). They discussed proceeding to trial versus pleading guilty (App. 77-78). Counsel advised the petitioner of the high likelihood of conviction at trial and of the resulting mandatory minimum sentence of 25 years (App. 76-77). They also discussed the sentence ranges for the charged offenses and the mandatory minimum sentences (App. 77). In addition, they discussed the sentence ranges for the offenses to which the petitioner ultimately pled guilty (App. 78). Counsel advised the petitioner regarding the classification of the offenses, including whether the conviction would be "violent" or "serious" or "most serious" (App. 73). They also discussed parole eligibility and the application of the "85% service" requirement (App. 73-74). The petitioner told counsel that he was guilty, wanted to plead guilty, and that he wanted to wrap up all the charges into one plea (App. 75-77). It was counsel's impression that the petitioner understood their discussions, particularly regarding the potential sentences he could receive at a plea (App.

11

78). Moreover, counsel testified that the petitioner was paying attention during the plea, appeared to understand the proceedings, and was able to coherently respond to the judge (App. 78-79). It was counsel's recollection that the petitioner specifically wanted this plea because it would take care of all of his charges at once, with a reduction from third to second offenses and a high probability of concurrent sentences, which the petitioner ultimately received (App. 77-78).

The guilty plea transcript reflects that, although the judge did not specifically spell out the sentence ranges on the record, the solicitor went over the plea arrangement, the sentence ranges, and the mandatory minimum sentences (App. 3-5). The solicitor specifically noted at the outset of the plea that the reduction to second offenses would limit the petitioner's sentence exposure to a mandatory minimum of five years, up to 30 years (App. 4). When asked if he wanted to waive his right have one of the indictments presented to the grand jury, the petitioner responded, "I give up that right, sir" (App. 10). The petitioner thereafter told the court that he had no complaints about his attorney, that no one intimidated or tricked him into entering a plea, and that he was doing what he thought was in his own best interests (App. 6-9).

The solicitor went over the facts of each separate case; each involved a direct sale to a confidential informant (App. 11-14). The petitioner told the court that he was, in fact, guilty of each of the charges (App. 8). The petitioner heard his attorney tell the court that he understood that some of the charges were "violent" and would require 85% service before parole eligibility (App. 15). When the court asked if the petitioner had anything to say, he apologized for his conduct, and indicated that he had been selling drugs to make money to help his sick mother and to support his two-year old son (App. 16).

The PCR court found "that the totality of the circumstances indicates that the [petitioner] pled guilty freely, intelligently, and voluntarily" (App. 103).

When reviewing a claim of an involuntary guilty plea, a court must consider the totality of the record, including the testimony from the PCR hearing as well as the transcript of the guilty plea. *See e.g., Bennett v. State*, 638 S.E.2d 673, 675 (S.C. 2006); *Stalk v. State*, 652 S.E.2d 402, 406-407 (S.C. Ct. App. 2007). In this case, although the petitioner argued in the state certiorari proceedings that he "didn't understand most of the stuff" in relation to his plea, the record refutes this. Statements made during a guilty plea should be considered conclusive and carry a presumption of verity unless a criminal inmate presents valid cogent reasons why he should be allowed to depart from the truth of his statements. *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir.1976) (quoting *Crawford v. United States*, 519 F.2d 347 (4th Cir.1975)).

An applicant may attack the voluntary, knowing, and intelligent character of a guilty plea entered on the advice of counsel by demonstrating that counsel's representation was below an objective standard of reasonableness. *Porter v. State*, 629 S.E.2d 353, 356 (S.C. 2006). The "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, the applicant must prove prejudice by showing that, but for counsel's inadequacy, there is a reasonable probability he would not have pleaded guilty and, instead, would have insisted on going to trial. *Suber v. State*, 640 S.E.2d 884, 886 (S.C. 2007). To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him. *Roddy v. State*, 528 S.E.2d 418, 421 (S.C. 2000). "'A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both.'" *Pittman v. State*, 524 S.E.2d 623, 625 (S.C. 1999) (quoting *State v. Ray*, 427 S.E.2d 171, 174 (S.C. 1993)). "[T]he voluntariness of a guilty plea is not determined by an examination of the specific inquiry

13

made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea and the record of the post-conviction hearing." *Harres v. Leeke,* 318 S.E.2d 360, 361 (S.C. 1984). Further, in considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether any possible error by counsel was cured by the information conveyed at the plea hearing. *Wolfe v. State*, 485 S.E.2d 367, 370 (S.C. 1997).

Here, the record of the guilty plea and PCR hearing show that the petitioner had a full understanding of the consequences of his plea and the charges against him. Further, the petitioner has not demonstrated that his plea counsel's representation was below an objective standard of reasonableness and that, but for counsel's inadequacy, there is a reasonable probability he would not have pleaded guilty and, instead, would have insisted on going to trial. The petitioner has not presented any probative evidence that shows the PCR court unreasonably applied federal law as established by the Supreme Court or that the PCR court made an unreasonable determination of the facts in light of the evidence before it. Accordingly, the claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 16) be granted. This court further recommends that the petitioner's motion for summary judgment (doc. 21) be denied.

s/William M. Catoe
United States Magistrate Judge

January 29, 2010
Greenville, South Carolina