IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lauren Moe Morris, #289894, ) | |
| ) | C/A No. 6:09-1273-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **AMENDED OPINION AND ORDER** |
| Gregory Knowlin, Warden of Turbeville ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Lauren Moe Morris is an inmate in the custody of the South Carolina Department of Corrections who currently is housed at Turbeville Correctional Institution in Turbeville, South Carolina. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on Respondent's return and motion for summary judgment filed July 22, 2009. By order filed July 23, 2009, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion, as well as a cross-motion for summary judgment, on August 20, 2009. A supplemental return was filed by Respondent on December 1, 2009, and a second <u>Roseboro</u> order issued on December 2, 2009.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge issued a Report of Magistrate Judge on January 29, 2010 in which he recommended that

Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied. Petitioner filed objections to Report of Magistrate Judge on February 18, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly discussed in the Report of Magistrate Judge. Briefly, Petitioner was indicted in Horry County, South Carolina for trafficking in a controlled substance (cocaine) on March 9, 2001 in an amount of more than 10 grams, but less than twenty-eight grams, in violation of S.C. Code Ann. § 44-53-370(e)(2)(a)(3). Petitioner also was indicted in Horry County for trafficking in a controlled substance (crack cocaine) on March 18, 2001, in the amount of more than ten grams, but less than twenty-eight grams, in violation of S.C. Code Ann. § 44-53-375(C)(1)(c). A grand jury returned a true bill on both indictments on January 29, 2002. (Entry 15-8, 120-23). In addition, Petitioner was indicted in Horry County for trafficking in a controlled substance (crack cocaine) on January 8, 2002 in the amount of more than ten grams but less than twenty-eight grams, in violation of S.C. Code Ann. § 44-53-375-(C)(1)(c). (Entry 15-8, 118-19).

Petitioner appeared before the Honorable John L. Breeden, Jr. for a guilty plea proceeding on December 1, 2002. The solicitor informed the trial judge that the state was prepared to dismiss

two charges and reduce the March 18, 2001 and January 8, 2002 crack cocaine charges from third offenses to second offenses. (Entry 15-8, 6). In addition, the March 9, 2001 powder cocaine charge was reduced to the lesser included offense of possession with intent to distribute because the controlled substance that law enforcement at the time believed to weigh in excess of 10 grams was evaluated by SLED and found to weigh only 9.91 grams. (Entry 15-8, 13.) Petitioner waived presentment of the January 8, 2002 indictment after the trial judge informed Petitioner as follows:

> THE COURT: . . . That matter has not been submitted to the Horry County Grand Jury. Do you know what waiving presentment to the grand jury means?
>
> DEFENDANT MORRIS: Yes, sir.
>
> THE COURT: You do? . . . You give up your right to have the grand jury decide if they want to indict you or not indict you. They haven't met on it; that's the only reason they haven't taken it up but if you want to plead guilty today you have to waive presentment to the grand jury because it hasn't been to the grand jury yet and I'm not suggesting that you have to do that. You may want to have this matter submitted to see if they'll indict you or not, but if you wish to do so and plead guilty to this offense you can give up that right, say in affect [*sic*], judge, I'm going to skip that step; I'm guilty, I want to plead guilty and I'm going to skip that step. I'm going to waive my right to have it submitted to the grand jury; now is that what you want to do?
>
> . . . .
>
> DEFENDANT MORRIS: I give up that right, sir.

(Entry 15-8, 11-12).

Petitioner signed a sentencing sheet acknowledging that he waived presentment to a grand jury. (Entry 15-9, 4). The solicitor explained at the guilty plea proceeding that the state was reducing the trafficking offense from a third offense under section 44-53-375(C)(1)(c) to a second offense under section 44-53-375(C)(1)(b) in consideration of Petitioner's agreement to plead guilty. See Entry 15-8, 5-6. Petitioner acknowledged that he was guilty of the offenses. (Entry 15-8, 10,

3

14). The trial judge sentenced Petitioner to a term of incarceration of eighteen years on the possession with intent to distribute cocaine charge and eighteen years on each of the trafficking in crack cocaine charges, all to be served concurrently.[1] Petitioner did not pursue a direct appeal.

Petitioner filed an application for post-conviction relief (PCR) on May 15, 2003. (Entry 15-8, 113-17). Petitioner alleged, among other things, that he received ineffective assistance of trial counsel and that his plea was not knowing and voluntary.[2] A hearing was held before the Honorable Steven H. John on July 27, 2005. Petitioner contended that trial counsel was ineffective for failing to meet prior to the guilty plea proceeding, failing to review the evidence supporting the indictments with Petitioner, failing to investigate, failing to discuss Petitioner's right to have all his charges presented to a grand jury, and failing to discuss the possible sentences Petitioner faced. Petitioner also contended that trial counsel failed to inform him that he had a right to file an appeal. (Entry 15-8, 44-58).

Trial counsel testified that he met with Petitioner on August 31, 2001. Petitioner had appointments with trial counsel on November 28, 2001 and January 23, 2002 but did not show up. Trial counsel met with Petitioner on February 1, 2002. Trial counsel testified that he discussed the charges with Petitioner, including the charges being designated as serious or most serious and violent or non-violent for purposes of sentencing, that there would be no parole until at least eighty-five percent of the sentence was served, and the probable result at trial based on the evidence possessed

---

[1] The trial judge also sentenced Petitioner to a term of incarceration with respect to an indictment handed down in Georgetown County, South Carolina. It later was determined that the trial judge lacked jurisdiction to sentence Petitioner on the Georgetown County charge. See Entry 15-8, 105-06.

[2] Petitioner also asserted that the trial judge lacked jurisdiction over the Georgetown County charge.

4

by the state. Trial counsel further testified that he discussed with Petitioner the possible range of sentences he was facing. According to trial counsel, Petitioner indicated that he was guilty of the charges and wished to plead guilty to all the charges at once "to wrap it all up in one plea and get everything running together." (Entry 15-8, 80; see generally Entry 15-8, 72-80). Trial counsel conceded that he did not recall discussing with Petitioner the possibility of appealing his guilty plea. (Entry 15-8, 81). Trial counsel did not think that Petitioner had asked about the possibility of appeal. (Entry 15-8, 82).

The PCR judge issued an order dated August 18, 2005. With respect to Petitioner's ineffective assistance of counsel claim, the PCR judge found Petitioner's testimony to be not credible and trial counsel's testimony to be credible. The PCR judge affirmatively found that trial counsel discussed the evidence, charges, and possible sentences with Petitioner. The PCR judge noted that trial counsel was under no obligation to discuss collateral consequences of the guilty plea, such as parole eligibility, with Petitioner. The PCR judge further noted that, because Petitioner pleaded guilty, trial counsel was under no obligation to advise Petitioner of appeal rights unless Petitioner specifically requested it or some extraordinary circumstance was present in the case such that a reasonable defendant would wish to appeal. With respect to Petitioner's claim of an involuntary guilty plea, the PCR judge found that, under the totality of the circumstances, Petitioner was fully aware of the nature and consequences of his plea and therefore pleaded guilty freely, intelligently, and voluntarily. Accordingly, the PCR judge recommended that the PCR application be denied and dismissed as to these two stated grounds for relief.[3] (Entry 15-8, 101-07).

---

[3] The PCR judge granted the PCR application as to the Georgetown County charge, as noted hereinabove, finding that the trial judge lacked jurisdiction to accept Petitioner's guilty plea and sentence him on that offense.

Petitioner filed an untimely appeal of the PCR judge's decision. The untimely appeal was dismissed by the South Carolina Supreme Court. (Entry 15-1, 1-2). On November 2, 2006, Petitioner filed a second PCR application in which he alleged, among other things, that he had been denied his right to appeal the PCR judge's August 18, 2005 order. (Entry 15-8, 21-27). A consent order granting belated appeal pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991), was issued by the Honorable J. Michael Baxley on December 19, 2007.

A petition for writ of certiorari was filed by the South Carolina Commission on Indigent Defense on Petitioner's behalf. The petition raised the following issues:

1. Did the PCR judge err in denying relief despite the ineffective assistance of counsel provided to petitioner in that his attorney failed to investigate the case, failed to meet with petitioner, and failed to advise the accused of the possible sentences he was facing upon entering a guilty plea?

2. Did the PCR judge err in denying relief where petitioner's guilty pleas were not knowingly or voluntarily entered because petitioner was unaware of the actual terms of the plea agreement entered by his attorney and unaware of the possible sentence he was facing upon entering a guilty plea?

3. Did the PCR judge err in failing to find that petitioner was entitled to a belated direct appeal where neither the plea judge nor counsel for petitioner informed him that he had the right to a direct appeal from his guilty plea?

(Entry 15-5, 3).

Petitioner's petition for a writ of certiorari was denied by the South Carolina Court of Appeals on November 23, 2009.[4]

---

[4] Respondent initially asserted in his motion for summary judgment that Petitioner had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) because no ruling had been issued regarding Petitioner's challenge to the PCR judge's August 18, 2005 order. Respondent supplemented his motion for summary judgment with the court of appeals' November 2, 2009 order and withdrew his contention that Petitioner had failed to exhaust his state court remedies. See Entry 24.

Petitioner filed the within action on May 14, 2009. Petitioner asserts the following grounds for federal habeas relief:

**GROUND ONE**: The sentencing court lacked subject matter jurisdiction to impose the sentence on indictment 02-GS-26-4690. Petitioner asserts that sentencing court did not have jurisdiction over (1) one of his trafficking cocaine charges because the indictment was never true-billed and he did not waive presentment to this particular indictment in writing. Indictment 02-GS-26-4690 there is no indicating that this indictment was before the grand jury which can't be orally waive and is a violation of his procedural due process rights.

**GROUND TWO:** Petitioner was deprived of effective assistance of counsel in violation of his sixth amendment rights. Counsel was ineffective not moving to quash indictment # 02-GS-26-280 because the weight of substance was not enough to sustain a trafficking cocaine charge where the essential element was (10) Ten grams or more and the amount Petitioner possessed was only (9) nine grams. Had counsel moved to squash [*sic*] the indictment the result would have been different. This was highly prejudicial.

**GROUND THREE**: Petitioner asserts his plea of guilty was involuntary made because of violations of his const. Rights. Petitioner asserts that because of the deprivation of his constitutional right was part of the inducement of him pleading guilty, his plea cannot be deem a voluntary act. Petitioner was denied due process and denied the effective asst. of counsel in his plea negotiations that rendered the process unfair and unconstitutional under the 14th amend.

Entry 1, 6-9 (errors in original).

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II. SCOPE OF REVIEW

An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in State court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a State court is presumed to be correct; Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id. (e)(1).

### III. DISCUSSION

A. Ground One

The Magistrate Judge determined that (1) Petitioner's claim fails as a matter of state law, because the record demonstrates that, contrary to his contention, Petitioner waived presentment at the guilty plea proceeding, and (2) in any event, the issue is not cognizable on federal habeas review because the error alleged is one of state law. Petitioner contends he was denied notice of the charge to which he was pleading guilty, in violation of his right to due process under the Fourteenth Amendment. The court disagrees.

Petitioner asserts that the issue is cognizable because it implicates the subject matter jurisdiction of the trial judge. The lack of subject matter jurisdiction cannot be waived, even by consent of the parties, and may be raised at any time. State v. Gentry, 610 S.E.2d 494, 498 (S.C. 2005) (citing Brown v. State, 540 S.E.2d 846, 848 (S.C. 2001)). However, a defective indictment does not deprive a court of jurisdiction. Id. An indictment is merely a notice document that may be challenged as insufficient. This issue is not to be confused with the question of whether a court has the power to hear a case. See id. at 499.

A defendant may challenge an indictment as insufficient or defective before the jury is sworn, but not afterwards. Id. (citing S.C. Code Ann. § 17-19-90). Therefore, Petitioner's claim regarding

8

the sufficiency of the indictment is untimely. Moreover, even if the indictment were defective, such a finding would not compel a conclusion that the trial judge lacked subject matter jurisdiction, so that Petitioner could now raise the issue on federal habeas review.

The Magistrate Judge properly determined that Petitioner waived presentment of the indictment. In his objections, Petitioner contends that the charge to which he waived presentment, which was a violation of S.C. Code Ann. § 44-53-375-(C)(1)(c), and the charge to which he pleaded guilty, which was a violation of S.C. Code Ann. § 44-53-375(C)(1)(b), were two distinct offenses. Thus, Petitioner asserts that he was deprived due process because he was not on notice of the charges against him.

Section 44-53-375, in relevant part, provides:

(C) A person who knowingly sells, manufactures, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of methamphetamine or cocaine base, as defined and otherwise limited in Section 44-53-110, 44-53-210(d)(1), or 44-53-210(d)(2), is guilty of a felony which is known as "trafficking in methamphetamine or cocaine base" and, upon conviction, must be punished as follows if the quantity involved is:

(1) ten grams or more, but less than twenty-eight grams:

(a) for a first offense, a term of imprisonment of not less than three years nor more than ten years, no part of which may be suspended nor probation granted, and a fine of twenty-five thousand dollars;

(b) for a second offense, a term of imprisonment of not less than five years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

(c) for a third or subsequent offense, a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars[.]

Contrary to Petitioner's contention, Section 44-53-375(C)(1)(b) and (C)(1)(c) do not describe different crimes, but enhanced punishment based on the defendant's prior criminal history. Under either trafficking offense Petitioner was charged with possessing between ten and twenty-eight grams of cocaine base. Petitioner received the benefit of a sentence as a second offense rather than a third offense in exchange for his guilty plea. The court concludes that Petitioner had sufficient notice of the charge so that he was not deprived of his right to due process. Petitioner's objection is without merit.

B. Ground Two

The Magistrate Judge determined that Petitioner's claim that counsel was ineffective for not moving to quash the indictment is procedurally defaulted because it was not raised to and ruled on by the PCR judge or South Carolina Court of Appeals. The Magistrate Judge further determined that Petitioner's argument has no merit. The court agrees.

Title 28, United States Code, Section 2254(b) provides, in relevant part:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

   (A) the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i) there is either an absence of available State corrective process; or

      (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

As the Magistrate Judge correctly noted, Petitioner exhausted his claims of ineffective assistance of counsel with respect to trial counsel's alleged failure to investigate the case, meet with Petitioner, and advise Petitioner regarding the possible sentences he faced upon entering a guilty

plea. Petitioner has not raised to the state courts his claim that trial counsel was ineffective for not moving to quash the indictment that originally charged trafficking in powder cocaine, but was later reduced to possession with intent to distribute powder cocaine. Petitioner would be precluded from raising this claim in a successive PCR application in state court. See S.C. Code Ann. § 17-27-90 (providing that all grounds for relief available to an applicant must be raised in his original, supplemental, or amended application, and may not be the basis for a subsequent application, except for sufficient reason). If a § 2254 petitioner has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, a federal court is barred from considering the filed claim, absent a showing of cause and actual prejudice. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

Petitioner contends that he is "actually innocent" of the offense for which he was indicted, and that the failure to consider his claim would result in a fundamental miscarriage of justice. As noted hereinabove, Petitioner was indicted under S.C. Code Ann. § 44-53-370(e)(2)(a)(3), trafficking in cocaine in an amount of ten grams or more, but less than twenty-eight grams, third offense. Petitioner first contends that he should have been indicted under section 44-53-370(e)(2)(a)(1), trafficking in cocaine in an amount of ten grams or more, but less than twenty-eight grams, first offense. Petitioner's contention is of no moment, since the SLED report revealed that the weight of the controlled substance was less than ten grams. Petitioner also appears to argue that he is "actually innocent" of the offense to which he pleaded guilty, possession with intent to distribute, second offense, and that he should have been sentenced for possession with intent to distribute, first offense. See S.C. Code Ann. § 44-53-370(b)(1).

An indictment may be amended to a lesser included offense of the original crime charged in

11

the indictment. See State v. Myer, 438 S.E.2d 236, 237 (S.C. 1993). Here, the solicitor explained to the trial judge that Petitioner had agreed to plead guilty to the lesser included offense of possession with intent to distribute because SLED reported that the weight of the cocaine powder was less than ten grams. (Entry 15-8, 14). Petitioner indicated to the trial judge that he understood what charge he was pleading guilty to. (Entry 15-8, 14-15). Petitioner signed the sentencing sheet indicating that he was pleading to the lesser included offense of possession with intent to distribute powder cocaine, second offense. Petitioner was put on notice of what he was called upon to answer. See Evans v. State, 611 S.E.2d 510, 517 (S.C. 2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer . . . and to enable the circuit court to know what judgment to pronounce if the defendant is convicted.") (citing State v. Gentry, 610 S.E.2d 494 (S.C. 2005)). Despite Petitioner's assertion, any deficiency in the state court indictment did not result in a miscarriage of justice.

As to Petitioner's contention that he received ineffective assistance of counsel, Petitioner must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Petitioner also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694.

It is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel. Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). For the reasons set forth above, trial counsel's performance was not deficient for failing to move to quash the indictment. Petitioner's objection is without merit.

C.   Ground Three

The Magistrate Judge determined that Petitioner had a full understanding of the consequences of his guilty plea and the charges against him. In his objections, Petitioner essentially reiterates the allegations of his complaint and states that he pleaded to charges that were not lesser-included charges of the indicted offenses, that the indictments were in error, and that he pleaded to charges that he was not guilty of. Petitioner asserts that he did not fully understand the charges he faced, and that trial counsel was ineffective for failing to discern the errors complained of. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record.

A guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. Schifferli v. South Carolina, 227 F. App'x 248, 250 (4th Cir. 2007) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) A defendant's statements at the guilty plea hearing are presumed to be true. Id. (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). Statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel. See id. (citing Via v. Superintendent. 643 F.2d 167, 171 (4th Cir.1981)).

The PCR judge determined that Petitioner was fully aware of the nature and consequences of his plea. The record demonstrates that trial counsel discussed with Petitioner the charges, possible sentences, probability of success at trial, and the solicitor's offer prior to the plea proceeding. At the plea proceeding, the solicitor stated on the record the charges, plea deal, and

sentencing ranges. Petitioner indicated to the trial judge that he understood the charges to which he was pleading guilty. The court discerns no evidence to support a finding that Petitioner did not understand the consequences of his plea and the charges against him, or that trial counsel was ineffective in representing Petitioner during the period leading to the plea proceeding. The PCR judge's conclusion that, under the totality of the circumstances, Petitioner was fully aware of the nature and consequences of his plea and therefore pleaded guilty freely, intelligently, and voluntarily, neither (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner's objection is without merit.

## IV. CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. Respondent's motion for summary judgment (Entry 16) is **granted**, Petitioner's motion for summary judgment (Entry 21) is **denied**, and the case dismissed, with prejudice.

## V. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee,

252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                              /s/ Margaret B. Seymour
                              United States District Judge

Columbia, South Carolina

March 24, 2010.

Nunc Pro Tunc Date: March 16, 2010.

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**